IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. H-05-287 |
| | § | CIVIL ACTION NO. 07-4061 |
| ANDUZE ALEXANDER, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM AND RECOMMENDATION**
**GRANTING GOVERNMENT'S MOTION TO DISMISS**

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2255 is Movant Anduze Alexander's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 65), and the Government's Response and Motion to Dismiss (Document Nos. 69 & 70). Having considered the § 2255 Motion to Vacate, Set Aside or Correct Sentence, the Government's Response and Motion to Dismiss, the record of the proceedings before the District Court in the underlying criminal case, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Government's Motion to Dismiss be GRANTED, that Movant's § 2255 Motion to Vacate, Set Aside or Correct Sentence be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice as time barred.

**I.     Introduction and Procedural History**

Movant Anduze Alexander ("Alexander"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255. This

is Alexander's first motion pursuant to § 2255.

In September 1993, Alexander was charged by indictment in the United States District Curt for the District of Connecticut with conspiracy to commit access device fraud (count one), and access device fraud (count two), in violation of 18 U.S.C. § 371, 1029(a)(2). Upon Alexander's motion, the case was transferred to this District in July 2005. On September 16, 2005, Alexander pled guilty in this Court to count two, pursuant to a written plea agreement. (Document Nos. 16 & 18). Thereafter, on September 22, 2006, following the preparation of a presentence investigation report, to which Alexander stated he had no objections (Document No. 28), the District Court sentenced Alexander to 87 months confinement, to be followed by a three year term of supervised release. (Document No. 50). A Judgment of Conviction was entered on September 28, 2006. (Document No. 52). Alexander did not appeal.

On or about November 19, 2008, Alexander filed his § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 65).[1] The Government has filed a Response and Motion to Dismiss (Document Nos. 41 & 42), to which Alexander has filed a response in opposition (Document No. 74). This § 2255 proceeding is ripe for ruling.

---

[1] Alexander's § 2255 Motion was not dated, and the envelope in which it was mailed to the Court bears a postmark of November 26, 2007. Alexander's Memorandum Brief in Support of his § 2255 Motion, however, is dated November 19, 2007, and the Memorandum bears a certificate of service attesting that the Memorandum was placed with prison officials for mailing on that date (November 19, 2007). Given the mailbox rule for prisoners' filings in federal court, *Houston v. Lack*, 487 U.S. 266 (1988), Alexander's § 2255 Motion will be construed has having been filed on November 19, 2007.

**II.    Claims**

Alexander raises three claims in this § 2255 proceeding:

1. that his conviction was obtained with evidence from an unconstitutional search;

2. that his conviction was obtained with a false indictment; and

3. that his counsel was ineffective.

The Government, in its Response and Motion to Dismiss, argues that Alexander's § 2255 motion is time-barred, having been filed more than one year after Alexander's conviction became final.

**III.   Discussion – Limitations**

28 U.S.C. § 2255 specifically provides for a one-year statute of limitations as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, Alexander's conviction was final on October 9, 2006, ten days after the Judgment was entered, when the time expired for Alexander to timely file a notice of appeal. *See* FED. R. APP. P. 4(b)(1) (A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court

within 10 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."); *see also United States v. Johnson*, 457 U.S. 537, 542 n.8 (1982)(noting that a conviction is final when the availability of further appeal is exhausted). Alexander then had one year from October 9, 2006, until October 9, 2007, to file a timely § 2255 motion. Alexander's § 2255 motion was not filed until November 19, 2007, over a month late.

As for the alternative commencement dates for the one year limitations period, provided for in § 2255(2), (3), and (4), none is applicable in this case. Alexander's § 2255 motion cannot be considered timely under § 2255(2) because Alexander has not alleged that he was in any way impeded by Government action from filing a timely § 2255 motion. Alexander does assert that he did not appeal because of health reasons, he has not asserted or shown that his alleged poor health was the result of Government action, or that his health issues precluded him from filing a timely § 2255 motion during the year after his conviction became final. In addition, Alexander's § 2255 motion cannot be considered timely under § 2255(4) because Alexander has not shown that the facts underlying his claims could not have been discovered through the exercise of due diligence by the time his conviction was final. Finally, Alexander's motion cannot be considered timely under § 2255(3) because Alexander has not asserted a claim based on a right newly recognized by the Supreme Court that has been made retroactively applicable to cases on collateral review. In addition, while not directly asserted by Alexander in his response to the Government's Motion to Dismiss, there is no equitable basis for extending the limitations period. Rare and exceptional circumstances may warrant the application of equitable tolling principles to a late-filed habeas corpus applications. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 199), *cert. denied*, 526 U.S. 1074

(1999). Equitable tolling, however, is not available if the petitioner does not act diligently in attempting to meet the one year limitations deadline. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). In addition, ignorance of the law, and "garden variety claims of excusable neglect" will not warrant the application of equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171-173 (5th Cir.), *cert. denied*, 531 U.S.1035 (2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007 (1999); *Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002). Here, while Alexander claims that he did not know that he had any claims, or that his counsel's performance could be found ineffective, such allegations of ignorance of the law do not constitute the type of rare and exceptional circumstances that will warrant equitable tolling.

Because Alexander's § 2255 motion was not timely filed and because there are no grounds in the record for equitable tolling, the Government's Motion to Dismiss should be granted.

**IV.   Conclusion and Recommendation**

Based on the foregoing, and the conclusion that Movant Anduze Alexander's § 2255 Motion to Vacate, Set Aside or Correct Sentence was not timely filed, the Magistrate Judge

RECOMMENDS that the Government's Motion to Dismiss (Document No. 70) be GRANTED, that Anduze Alexander's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 65) be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice as time-barred.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5,

S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal.  *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 24th  day of April, 2008.

_____
Frances H. Stacy
United States Magistrate Judge